BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 44,
BERRIEN COUNTY, *v.* INTERMEDIATE SCHOOL
DISTRICT OF BERRIEN COUNTY

1. Quo Warranto—Parties Eligible to Seek Relief—Special Interest—Schools and School Districts.

   Individual citizens may bring *quo warranto* action to determine the validity of a school district reorganization election and question the constitutionality of the statute providing for the election without demonstrating a special personal interest in the subject matter (CLS 1961, § 600.4545).

2. Schools and School Districts—Exceeding Tax Limitation Without an Election.

   The reorganization of school districts act does not require that a reorganized school district assess any specific millage and therefore cannot be construed as unconstitutional because one school district may be subjected to a higher tax rate, approved by another district in an election prior to the merger, where the one district had no vote; the right of the reorganized district to assess the higher tax rate is not a question relevant to and is not decided in a case dealing with the constitutionality of the reorganization act (MCLA § 388.681 *et seq.*).

Appeal from Berrien, Karl F. Zick, J. Submitted Division 3 February 10, 1969, at Grand Rapids. (Docket No. 5,088.) Decided March 19, 1969.

Complaint by the Board of Education of School District No. 44, Berrien County, also known as Hathaway School District, and persons residing in

References for Points in Headnotes

[1] 44 Am Jur, Quo Warranto §§ 74, 78.
[2] 47 Am Jur, Schools §§ 24, 26, 76 *et seq.*

the school district, against the Intermediate School
District of Berrien County, a Michigan municipal
corporation, and other persons and organizations,
for relief in the nature of *quo warranto*, a deter-
mination that Act 289 of the Public Acts of 1964,
the reorganization of school districts act, is uncon-
stitutional, that a tax increase pursuant to an elec-
tion held in accord with the act is unconstitutional,
and for other relief.

*Lee Boothby*, for plaintiffs.

*F. M. Thrun* and *Thomas J. Nordberg*, for defend-
ants.

BEFORE: LEVIN, P. J., and HOLBROOK and DAN-
HOF, JJ.

PER CURIAM. Defendant-appellee intermediate
school district was granted a summary judgment
in the circuit court for the county of Berrien.
On appeal plaintiff contends that PA 1964, No 289
(MCLA § 388.681 *et seq.*; Stat Ann § 15.2299 *et seq.*)
is unconstitutional.

The trial judge determined that the plaintiffs,
both corporate and individual, lack standing to bring
*quo warranto* proceedings. The decision of the trial
court in this regard is in error insofar as it relates
to plaintiffs individually. See *Penn School District
No. 7* v. *Lewis Cass Intermediate School District
Board of Education* (1968), 14 Mich App 109. Be-
cause of the possibility of the aforementioned re-
sult the trial court also considered the question
of whether the complaint stated a claim upon which
relief can be granted and entered a well-written
opinion relative to the questions raised by the appel-

lant regarding the constitutionality of PA 1964, No 289. The questions, except as stated below, raised by the appellant were exhaustively considered in the *Penn School District No. 7* case, *supra*.

We note the plaintiffs' contention that because the extra operating millage voted by the plaintiff district is 2 mills and the extra operating millage voted by defendant, Bridgman District, before reorganization is 12.67 mills, and the reorganized district claims the right to assess property in both old component districts at the highest (12.67 mills) rate, that Act 289 is unconstitutional because of the asserted conflict between Const 1963, art 9, § 3 (requiring that *ad valorem* taxes be "uniform") and Const 1963, art 9, § 6 (providing that property taxes may not exceed 15 mills unless approved by the electors).[*] However, Act 289 does not require the reorganized district to assess either the lower or the higher millage. We see no need to decide that question and intimate no opinion as to how it should be decided. It is enough to say that we are convinced that Act 289, properly construed, is not unconstitutional.

Based on the authority of the *Penn School* case, *supra,* and our examination of the record we conclude that no error, other than that stated above, was made by the circuit court in this case.

Affirmed as modified by this opinion; no costs, a public question being involved.

---

[*] For a discussion see OAG 1965–1966, No 4458, p 167; OAG 1961–1962, No 3577, p 66; 2 OAG 1956, No 2728, p 531.